KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 06-800-PHX-DGC |
| Plaintiff, | No. CV 08-069-PHX-DGC (HCE) |
| v. | **ORDER** |
| Guillermo Sarmiento-Vega, | |
| Defendant/Movant. | |

Movant Guillermo Sarmiento-Vega, who is confined in the Cibola County Correctional Center in Milan, New Mexico, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The Court will summarily dismiss the motion.

**I.     Procedural History**

Pursuant to a plea agreement, Movant pled guilty to Illegal Re-Entry After Deportation, in violation of 8 U.S.C. § 1326. On January 8, 2007, the Court sentenced Movant to a 33-month term of imprisonment followed by 3 years on supervised release.

Movant seeks to have his sentence vacated. He argues that his conviction is fundamentally unfair because his underlying deportation was improper.

**II.    Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the

1  United States District Courts.  When this standard is satisfied, neither a hearing nor a
2  response from the government is required.  See Marrow v. United States, 772 F.2d 525, 526
3  (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).

4  In this case, the record shows that summary dismissal under Rule 4(b) is warranted
5  because Movant has waived the right to bring a § 2255 motion.[1]

6  **III.   Waiver**

7  Movant has waived challenges to his sentence.  The Ninth Circuit Court of Appeals
8  has found that there are "strict standards for waiver of constitutional rights."  United States
9  v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005).  It is impermissible to presume
10 waiver from a silent record, and the Court must indulge every reasonable presumption
11 against waiver of fundamental constitutional rights.  United States v. Hamilton, 391 F.3d
12 1066, 1071 (9th Cir. 2004).  In this action, Movant's waiver was clear, express, and
13 unequivocal.

14 Plea agreements are contractual in nature, and their plain language will generally be
15 enforced if the agreement is clear and unambiguous on its face.  United States v. Jeronimo,
16 398 F.3d 1149, 1153 (9th Cir. 2005).  A defendant may waive the statutory right to bring a
17 § 2255 action challenging the length of his sentence.  United States v. Pruitt, 32 F.3d 431,
18 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992).  The only
19 claims that cannot be waived are claims that the waiver itself was involuntary or that
20 ineffective assistance of counsel rendered the waiver involuntary.  See Washington v.
21 Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the
22 right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an
23 ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt,
24 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel
25 erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca,
26 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective

27
28  [1]In addition, the Ninth Circuit explicitly rejected Movant's equal protection argument in McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999).

assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

As part of his plea agreement, Movant made the following waiver:

> Defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the court's entry of judgment against defendant and imposition of sentence upon defendant, provided the sentence is consistent with this agreement. Defendant further waives: (1) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack defendant might file challenging his conviction or sentence in this case.

(Doc. #29). Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Doc. #29).

Movant's assertions in his § 2255 motion all pertain to his conviction and sentence and do not pertain to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing issues raised in his § 2255 motion. Thus, the Court will summarily dismiss the motion.

**IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #30 in CR 06-800-PHX-DGC) is **denied** and that the civil action opened in connection with this Motion (CV 08-069-PHX-DGC (HCE)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

DATED this 4th day of February, 2008.

_____
David G. Campbell
United States District Judge